EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
JULIE L. GARLAND
Senior Assistant Attorney General
ANYA M. BINSACCA
Supervising Deputy Attorney General
DENISE A. YATES, State Bar No. 191073
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 703-5531
 Fax: (415) 703-5843
 Email: Denise.Yates@doj.ca.gov
Attorneys for Respondent Ben Curry, Acting Warden
at the Correctional Training Facility
SF2007200727

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| HUY DANG,<br><br>                  Petitioner,<br><br>v.<br><br>B. CURRY, Warden,<br><br>                  Respondent. | No. C 07-3845 SBA (PR)<br><br>**RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** |

TO PETITIONER HUY DANG, IN PRO PER,

PLEASE TAKE NOTICE that Respondent Ben Curry, Acting Warden at the Correctional Training Facility, moves this Court to dismiss the Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254 and Rules 2 and 4 of the Rules Governing § 2254 Cases in the United States District Courts, on the ground that Dang did not exhaust his state court remedies for all of his claims. This motion is based on the notice and motion, the supporting memorandum of points and authorities and exhibit, the petition for writ of habeas corpus, the court records in this action, and other such matters properly before this Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Petitioner Dang (H-40124) is a state inmate serving an indeterminate life sentence and is proceeding pro se in this matter. (Pet. 1-2.) Dang alleges the Board of Parole Hearings violated his federal due process rights and his Sixth Amendment rights when the Board denied him parole on June 1, 2006 at his initial parole consideration hearing. (Pet. 6, 8, 16-17.) This Court did not specify which claims it found cognizable and simply said, "It does not appear from the face of the petition that it is without merit." (Order, filed Sept. 5, 2007, at 1.) Because Dang did not present his Sixth Amendment claim to the California Supreme Court, this claim is unexhausted and this Court must dismiss this mixed petition.

**ARGUMENT**

**THIS PETITION MUST BE DISMISSED BECAUSE IT CONTAINS BOTH EXHAUSTED AND UNEXHAUSTED CLAIMS.**

Because Dang did not exhaust his Sixth Amendment claim in the California Supreme Court, this Court must dismiss this mixed petition. A federal habeas petitioner must exhaust his available state court remedies before a federal court may grant his petition. 28 U.S.C. § 2254(b)(1)(A). If one or more claims in the federal petition have not been exhausted, the district court must dismiss the petition. *Pliler v. Ford*, 542 U.S. 225, 227 (2004) (citing *Rose v. Lundy*, 455 U.S. 509, 510 (1982)). This rule provides the state courts a full and fair opportunity to resolve federal constitutional claims before they are presented to the federal court, thus "protect[ing] the state courts' role in the enforcement of federal law." *Rose*, 455 U.S. at 518.

It is the petitioner's burden to prove he has exhausted his state court remedies before filing his federal habeas petition. *Williams v. Craven*, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam). "A petitioner has satisfied the exhaustion requirement if: (1) he has 'fairly presented' his federal claim to the highest state court with jurisdiction to consider it [citations] . . . or (2) he demonstrates that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). In California, a petitioner exhausts his federal claim by fairly presenting it to the California Supreme Court. *Kim v. Villalobos*, 799 F.2d 1317, 1318 (9th Cir. 1986). Finally, a

petitioner has not exhausted the available state court remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Here, Dang did not present his Sixth Amendment claim to the California Supreme Court before seeking federal habeas relief. (*Compare* Pet. 16-17, *with* Ex. 1.) Thus, this claim is unexhausted. Further, Dang is not precluded from exhausting his state court remedies for his Sixth Amendment claim because the California Supreme Court has original jurisdiction to review petitions for writs of habeas corpus. Cal. Const. art. VI, § 10. Thus, Dang can still file a habeas petition in the California Supreme Court alleging the unexhausted claim. Accordingly, because Dang has not "reach[ed] the point where he has no state remedies available to him," *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003), the petition must be dismissed.

## CONCLUSION

Dang did not present his Sixth Amendment claim to the California Supreme Court. Therefore, this Court must dismiss this petition because it contains exhausted and unexhausted claims.

Dated: October 25, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

ANYA M. BINSACCA
Supervising Deputy Attorney General

*/s/ Denise A. Yates/*

DENISE A. YATES
Deputy Attorney General

Attorneys for Respondent Ben Curry, Acting Warden at the Correctional Training Facility

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Dang v. Curry**

No.:   **C07-03845 SBA**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **October 29, 2007**, I served the attached

**RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Huy Dang, H-40124**
**Correctional Training Facility**
**P.O. Box 689**
**Soledad, CA 93960-0689**
in pro per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **October 29, 2007**, at San Francisco, California.

| J. Palomino | _J. Palomino_ |
|---|---|
| Declarant | Signature |

20111355.wpd