# EXHIBIT 1

**S151815**

**SUPREME COURT COPY**

IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

| | |
|---|---|
| In re | No. |
| | 4 Crim E042652 |
| Huy Dang | San Bernardino County Superior Court Case No. SWH559123 |
| On Habeas Corpus | SUPREME COURT FILED |
| _____/ | APR 1 3 2007 |
| | Frederick K. Ohlrich Clerk |
| | _____ Deputy |

## PETITION FOR REVIEW

After Decision by the Court of Appeal,
Fourth Appellate District.

Huy Dang, H402124
Petitioner In Pro Se
P.O. Box 689
Soledad, CA 93960-0689

## TABLE OF CONTENTS

|  | PAGE |
|---|---|
| PETITION FOR REVIEW | 1. |
| QUESTIONS PRESENTED | 1. |
| NECESSITY FOR REVIEW | 2. |
| ARGUMENT I | |
| THE BOARD OF PRISON TERMS DEPRIVED PETITIONER OF HIS FEDERALLY PROTECTED LIBERTY INTEREST AND VIOLATED HIS 5TH, 6TH, AND 14TH AMENDMENT CONSTITUTIONAL RIGHT TO DUE PROCESS BY DENYING HIM PAROLE BASED ON THE UNCHANGING FACTS OF THE OFFENSE, AFTER IGNORING THE EVIDENCE OF HIS REHABILITATION PROGRAMMING AND CONTINUED EXEMPLARY BEHAVIOR WHILE IN PRISON | 3. |
| A. Introduction | 3. |
| B. The Board's Decision To Deny Parole Was Not Support By Evidence Having Indicia Of Reliability | 4. |
| C. The State Parole Authority Mathematically Demonstrates Systematic Bias In Their Decision Making, By Denying Parole Release To Approximately 99% Of Appearing Inmates. | 5. |
| CONCLUSION | 6. |

IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

| | |
|---|---|
| In re )<br>)<br>　　Huy Dang )<br>)<br>)<br>On Habeas Corpus )<br>)<br>_____/ | No.<br><br>4 Crim E042652<br><br>San Bernardino County Superior Court<br>Case No. SWH559123 |

## PETITION FOR REVIEW

TO THE HONORABLE RONALD M. GEORGE, CHIEF JUSTICE, AND TO THE HONORABLE ASSOCIATE JUDGES OF THE SUPREME COURT OF THE STATE OF CALIFORNIA.

Petitioner Huy Dang petitions this court for review following the decision of Court of Appeal, Fourth Appellate District, filed in that Court on April 4, 2007. A copy of the opinion of the Court of Appeal is attached hereto as Exhibit A.

### QUESTIONS PRESENTED

1.　Can the California Parole Board deprive a prisoner of their federally protected liberty interest by denying parole based on the immutable facts of a 15 year old commitment offense whose crime factors reflect the minimum necessary to support conviction, when no actual physical violence was inflicted during the offense, when the prisoner has been disciplinary free for an extended period, has participated in rehabilitation type programs while in prison, has an overall positive program, minimal or no criminal conduct (convictions) of an assaultive or any nature, and positive CDCR Counselor and psychological evaluations?

2.　Does the State's denial of parole release to 99%+ of appearing inmates over the past fifteen years reflect both a constitutional application of Penal Code § 3041, subsections (a) and (b), and

1

conformity with this Court's standard in In re Rosenkrantz (2002) 29 Cal.4th 616, 683, that the Board shall normally grant parole on an overall basis?

## NECESSITY FOR REVIEW

A grant of review and resolution of these issues by this court are necessary to secure uniformity of decision and to settle important questions of law. The need for uniformity of decision is demonstrated by comparison of this case with those wherein the crime circumstances such as the instant kidnap-robbery crime fails to provide the necessary evidence to support parole denial in light of the minimally necessary standard, precluding its use to support a 'parole' denial decision. Petitioner respectfully submits that viewing the below case decisions for more grave offenses with his crime factors demonstrates the lack of uniformity in application of the due process standard depriving Petitioner of his federally protected liberty interest. See In re Lee (2006) 143 Cal.App.4th 140; In re Weider (2006) 145 Cal.App.4th 570; In re Elkins (2006) 144 Cal.App.4th 475. This case also provides this Court with an opportunity to determine if by denying parole release to approximately 99% of appearing inmates over the past decade the state is normally granting parole release as required by In re Rosenkrantz, supra, 29 Cal.4th at 683 and the California parole scheme, or does the denial of parole percentage during that period mathematically reflect a factual historical bias against parole depriving appearing inmates of a federally protected liberty interest.

In sum, Petitioner respectfully submits, that given the passage of time in this case, "some evidence" having the necessary state and federal indicia of reliability cannot support the Board's offense findings in this matter as required by the United States Constitution, Fifth and Fourteenth Amendments, the California Constitution, Article I, Section 15, and applicable state and federal case rulings, given the minimum circumstances of the instant life term offense.

## ARGUMENT I

THE BOARD OF PRISON TERMS DEPRIVED PETITIONER OF HIS FEDERALLY PROTECTED LIBERTY INTEREST AND VIOLATED HIS 5TH AND 14TH AMENDMENT CONSTITUTIONAL RIGHT TO DUE PROCESS BY REPEATEDLY DENYING HIM PAROLE BASED ON THE UNCHANGING FACTS OF THE OFFENSE, AFTER IGNORING THE EVIDENCE OF HIS REHABILITATION PROGRAMMING AND CONTINUED EXEMPLARY BEHAVIOR WHILE IN PRISON.

### A. Introduction

On June 1, 2006, Petitioner appeared before the Board of Prison Terms for parole consideration and was found unsuitable for parole based on the unchanging circumstances of his offense, conduct and his alleged unstable social history – because Petitioner's family left Viet Nam to come to the United States. He received a two (2) year parole denial. On January 12, 2007, Petitioner filed a petitioner for writ of habeas corpus in the San Bernardino County Superior Court, case number SWH559123. On February 5, 2007, the Superior Court summarily denied that petition, without providing a reasoned decision. (See Exhibit B.)

In 1991, Petitioner was convicted of kidnap-robbery and other robbery offenses. Fleeing the scene of a robbery on foot, Petitioner and his crime partner came upon a couple exiting their car. Telling the woman to leave, they told the male to drive them out of the neighborhood. Three blocks later they told the driver to stop and to leave the car. Prior to this they had been robbing a private (illegal) gambling house, and fled when they believed the police had been alerted. The Board decided his crime was carried out in a manner which demonstrates callous disregard for human suffering, that the motive was trivial, that Petitioner kidnapped two persons, that this was a home invasion crime, and that they planned the robbery, and on that basis denied parole.

Petitioner has been disciplinary free for over 13 years, earned his G.E.D., has a favorable psychological report, has parole plans, will be deported upon release, and has attended NA/AA. Petitioner also has CDC Psychological Evaluation Report findings that if released to the community

3

he has a "low" violence potential. Petitioner's uniform term is a Cal. Code Regs., tit. 15, § 2285 one of 8-10-12 years versus the eleven (9 actual plus 2+ credit years) he has served on his life term.

A review of the factors in this case will also show the board effected its denial result by declaring factual evidence not in the record to support its contentions and by relying on baseless allegations which do not and cannot demonstrate that petitioner is currently an unreasonable threat to public safety if released.

The details of this case are more fully developed in the appellate writ which this court reviewed as a matter of procedure as defined in the California Rules of Court.

B. The Board's Decision to Deny Parole was not Supported by "Some Evidence" Having An Indicia of Reliability Given the Passage of Time Since the Crime Occurred.

In Biggs v. Terhune, supra, at p. 914, a case with substantially more egregious situational factors and a prison performance record analogous to this Petitioner's, the court cited Greenholtz v. Nebraska Penal Inmates (1979) 442 U.S. 1, 7, and McQuillion v. Duncan (9th Cir. 2002) 306 F.3d 895, 903 and geld that "[b]ecause the "California parole scheme [Penal Code § 3041(b)] vests in every inmate a constitutionally protected liberty interest" and then held "protected by the procedural safeguards of the Due Process Clause," "some evidence" having an indicia of reliability must underlay every Board decision, citing Jancsek v. Oregon Board of Parole (9th Cir. 1987) 833 F.2 1389.

Numerous state and federal decisions have recently held that when a prisoner such as Petitioner has behaved in a disciplinary free manner over a long term, in this case over 13 years, a Board finding denying parole based on the immutable facts of the prisoner's criminal conduct or prior criminal history would be devoid of evidence, since the predictive value of these factors would have become nil if the prisoner has demonstrated rehabilitation and remained disciplinary free for an extended period, as in this case. See In re Lee, supra; In re Elkins, supra; Sanchez v. Kane (C.D.

4

Cal. 2006) 444 F.Supp.2d 1049; Rosenkrantz v. Marshall (C.D. Cal. 2006) 444 F.Supp.2d 1063. Cases with substantially more violent crimes than that committed by this Petitioner.

Petitioner therefore respectfully submits that in accordance with these recently announced federal due process standards, given his thirteen (13+) years of disciplinary free prison performance, his on-going positive programming, the substantially lesser gravity of his offense, and his lack of a previous criminal history, the immutable facts of his crime cannot provide the some evidence needed to support a parole denial decision. Therefore, the Board's reliance on the gravity of his offense from over fifteen (15+) years past to deny parole is completely contrary to the evidence before the Board, thus their findings and decisions were without any reasoned factual basis, i.e. devoid of evidence, and as a result arbitrary and capricious, depriving Petitioner of his state and federal right to due process.

C. **The State Parole Authority Mathematically Demonstrates Systematic Bias in Their Decision Making Process by Denying Parole to Over 99%+ of Appearing Inmates.**

Petitioner respectfully submits that a review of the statistical data, which can be obtained and provided upon authorized discovery, will demonstrate the State routinely denies parole release to approximately 99%+ of appearing inmates contrary to this Court's holding in In re Rosenkrantz, supra, 29 Cal.4th at 683, and contrary to the standard initially noted in Biggs v. Terhune, supra, at 916-917. Further, Petitioner submits a detailed review of case record history will show the state parole authority routinely declares the offenses committed by the approximately 99%+ of inmates denied parole as having been carried out in an "especially heinous, atrocious, or cruel," i.e. particularly egregious manner, or by using equivalent wording, regardless of the circumstances of the crime. It is impossible for 99% of crimes committed which carry an indeterminate sentence to be particularly egregious, especially the offense in this case. (See In re Ernest Smith (2003) 114 Cal.App.4th 343 holding that in California parole is the rule, i.e. the norm, and not the exception;

5

and that only especially grave, i.e. particularly egregious, crimes can be used to support a parole denial decision. See <u>In re Rosenkrantz</u>, <u>supra</u>, 29 Cal.4th 616 holding a "particularly egregious" crime is one with elements of a more serious crime <u>not</u> found by a jury. Factors not present or applicable in this case.

## CONCLUSION

For the above reasons, Petitioner requests this Court grant review.

Date: *Apr. 11,* 2007

Respectfully submitted

*[signature]*

Huy Dang,
Petitioner In Pro Per

EXHIBIT A

COURT OF APPEAL -- STATE OF CALIFORNIA
FOURTH DISTRICT
DIVISION TWO

<u>ORDER</u>

FILED
APR 4 2007
COURT OF APPEAL, FOURTH DISTRICT

In re

HUY DANG

on Habeas Corpus.

E042652

(Super.Ct.Nos. SCR55894 & SWHSS9123)

The County of San Bernardino

THE COURT

The petition for writ of habeas corpus is DENIED.

McKINSTER
_____
Acting P.J.

cc: See attached list



CLERK'S OFFICE
COURT OF APPEAL
FOURTH APPELLATE DISTRICT
DIVISION TWO
3389 TWELFTH STREET
RIVERSIDE, CA 92501

1201   U.S. POSTAGE   PB 2229743
8162   $00.390        APR 04 07
8059                  92501



Correctional Training Facility
Huy Dang
H40124 YW-327L
P.O. Box 689
Soledad CA 93060-0680

EXHIBIT B

SUPERIOR COURT
COUNTY OF SAN BERNARDINO
Department No. S-8
351 North Arrowhead Avenue
San Bernardino, California 92415-0240

COPY

FILED- San Bernardino District
SUPERIOR COURT
SAN BERNARDINO COUNTY

FEB 0 5 2007

By _____
Deputy

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN BERNARDINO

SAN BERNARDINO DISTRICT

In re the Petition of

HUY DANG,

For Writ of Habeas Corpus.

Case No. SWHSS 9123

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

The petition of HUY DANG for Writ of Habeas Corpus was filed in this court on January 12, 2007.

Therein, Petitioner contends that:

1. The parole board improperly denied him parole.

Pursuant to the record supplied by Petitioner, the parole board decided that he was unsuitable for parole because the commitment offense was especially cruel and violent and that his propensity for violence to the community outweighed his prison conduct record. It is clear that the board had "some evidence" to justify its decision to deny parole.

The petition is denied.

Dated this 5th day of February, 2007.

JOHN P. WADE

JOHN P. WADE
Judge of the Superior Court

-1-

# CALIFORNIA SUPREME COURT

In re Huy Dang                                          PROOF OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18, incarcerated at the Correctional Training Facility, Soledad, California and a party to the below-entitled cause.

On __APR. 11,__ _____, I served a true copy of:

**PETITION FOR REVIEW**

by:

☐ Depositing same in the prison mailbox in a sealed envelope, with First Class postage attached

☐ Handing it to institutional staff in a sealed envelope, with an attached Inmate Trust Account Withdrawal, requesting appropriate postage be attached by the institution's Mailroom

☐ Handing same to institution staff, with First Class postage attached, for processing as Legal Mail per institutional procedures. To be deposited in the United States Mail, pursuant to the California Code of Regulations §3142 and 3165

**to be delivered to:**

| California Supreme Court | Office of the Attorney General | Calif. Court of Appeal |
|---|---|---|
| 350 McAllister Street | P.O. Box 85266 | Fourth Appellate Dist. |
| San Francisco, CA 94102-7303 | San Diego, CA 92186-5266 | 3389 Twelfth Street |
| | | Riverside, CA 92501 |

Intended place of mailing: U.S. Post Office, Soledad, Ca.
I declare under the penalty of perjury that the foregoing is true and correct.

Executed this __11th__ day of __APR__, 2007

_[signature]_
Declarer