Huy Dang H40124
P.O. Box 689 – GW236L
Soledad, CA 93960-0689

FILED
07 NOV 21 PM 12:33
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

Huy Dang
    Petitioner,

v.

B. Curry, Warden,
    Respondent.

Case No. C07-3845 SBA (PR)

OPPOSITION TO RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS

    Petitioner, Huy Dang, acting in pro per, without counsel, hereby moves this Court to dismiss Respondent's motion to dismiss, as Petitioner did fully exhaust State Court remedies for his claims raised in this Court – essentially that after 15 years the facts of his offense cannot reliably be used to predict future occurrences, due also, in part, to those acts being no more than the minimum necessary to sustain his kidnap robbery conviction.

    First, Petitioner did not "claim" in his federal writ he was owed relief because his 6th Amendment rights were violated. (See writ, Claim One). The contents of the Memorandum of Points

1

and Authority merely contain legal arguments that in part attach the relevance or reliability of the evidence relied on by the Board to negatively predict Petitioner would again commit crimes and thus be an unreasonable risk of danger to society, if released. As Petitioner noted in his Petition for Review (Resp., Exh. 1, pp. 5-6), assuming such evidence was available, but merely not found to be true by a jury, the State in In re Rosenkrantz (2002) 29 Cal.4th 616, appears to allow its inclusion. Petitioner merely argues against that inclusion. (Writ at p. 17:16-20.) Petitioner also recognizes that no Federal Court has held the Blakley 6th Amendment standards to apply to a parole issue and respectfully submits if this is deemed an unexhausted claim, the writ be amended to exclude its content.

Second, Petitioner notes that this issue was raised in the Memorandum of Points and Authority portion of his State Court writs to the Supreme and Appellate Courts, which record Respondent should have provided. Petitioner also notes that on p. 4 of his Petition for Review (Resp. Exh. A) to the State Supreme Court that, "The details of this case are more fully developed in the appellate writ which this Court review[s] as a matter of procedure as defined in the California Rules of Court." Specifically, California Rule of Court 28.2, which notes that a Petition for Review actually requires the Supreme Court to review the Appellate record. Thus the issues before the Court are those questions in the Petition for Review and the claims in the appellate writ. Said notice by Petitioner is all that is required to encompass the Appellate writ claims and issues into the State Supreme Court's review of this case for exhaustion purposes. (Peterson v. Lampert (2003) 319 F.3d 1153, "The federal claim ha[s] been fairly presented...[w]here it was clear 'in context' that the Petition for Review referred to the appellate brief...[and where the] appellate court brief had raised the federal claim[,]" as in this case.

Finally, Petitioner refers the Court to p. i of his Petition for Review (Resp. Exh. 1), Argument I, which includes the 6th Amendment ("6TH"), which was apparently missed due to a typing error on p. 3 of that document.

Petitioner, therefore respectfully requests that either Respondent's motion to dismiss be dismissed or Petitioner's writ be amended to exclude his Memorandum of Points and Authorities, supporting argument IV, concerning the 6th Amendment, as that argument is not a claim Petitioner is raising in this Court.

Dated: November 19, 2007

Respectfully submitted,

_____
Huy Dang, Petitioner in pro per

# PROOF OF SERVICE BY MAIL
(C.C.P. § 1013A, 2015.5)

I, the undersigned, certify and declare that I am over 18 years of age and I am party to this action, incarcerated at the Correctional Training Facility, Soledad, California and a party to the below entitled case.

On, November _19_, 2007, I served a true copy of:

## OPPOSITION TO MOTION TO DISMISS

by:

☐   Depositing same in the prison mailbox in a sealed envelope, with first class postage attached.

☒   Handing same to institutional staff, for processing as Legal Mail per institutional procedures, in a sealed envelope, with an attached Inmate Trust Account Withdrawal form, requesting appropriate postage be attached by the institution's mailroom.

☐   Handing same to institution staff, with First Class postage attached, for processing as Legal Mail per institutional procedures. To be deposited in the United States Mail, pursuant to the California Code of Regulations, Title 15, §§ 3142 and 3165.

### To be delivered to:

**Office of the Attorney General**
**455 Golden Gate Avenue, Suite 11000**
**San Francisco, CA 94102**

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on November _19_, 2007.

_____
Huy Dang, Declarant





FRO: DANG, HUY H40134
P.O BOX 689 GW236L
SOLEDAD CA 93960-0689

TO: CLERK OF THE COURT
U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVE
SAN FRANCISCO CA 94102



LEGAL MAIL

