1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DANE R. GILLETTE
Chief Assistant Attorney General
3 | JULIE L. GARLAND
Senior Assistant Attorney General
4 | ANYA M. BINSACCA
Supervising Deputy Attorney General
5 | DENISE A. YATES, State Bar No. 191073
Deputy Attorney General
6 |   455 Golden Gate Avenue, Suite 11000
   San Francisco, CA  94102-7004
7 |   Telephone:  (415) 703-5531
   Fax:  (415) 703-5843
8 |   Email:  Denise.Yates@doj.ca.gov
Attorneys for Respondent Ben Curry, Acting Warden
9 | at the Correctional Training Facility
SF2007200727

10

11 | IN THE UNITED STATES DISTRICT COURT

12 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

13 | OAKLAND DIVISION

14

15 | **HUY DANG,**                              No. C 07-3845 SBA (PR)

16 |                          Petitioner,   **RESPONDENT'S REPLY TO**
                                        **OPPOSITION TO MOTION TO**
17 |            v.                          **DISMISS**

18 | **B. CURRY, Warden,**

19 |                          Respondent.

20

21 |        Petitioner Dang challenges the Board of Parole Hearings' 2006 decision denying him

22 | parole.  Respondent moved to dismiss Dang's habeas petition because he did not exhaust his

23 | state court remedies for one of his claims.  Specifically, Dang did not allege in his California

24 | Supreme Court petition for review his claim that the Board's denial violated his Sixth

25 | Amendment right to trial by jury.  Dang's contentions in opposition are without merit, and this

26 | Court should grant Respondent's Motion to Dismiss.

27 |        First, Dang contends that because he referenced the Sixth Amendment in the

28 | memorandum of points and authorities supporting his federal petition, he was not asserting a

1  separate claim. Dang's contention is belied by the conclusion to his memorandum of points and

2  authorities where he alleges: "A parole denial of such a nature it [sic] violated Petitioner's

3  constitutional rights to due process under the 5th and 14th Amendments of the United States

4  Constitution and his 6th Amendment right to trial by jury." (Pet. 18.) Although Dang may be

5  relying on the same facts, he is clearly alleging a violation of his Sixth Amendment rights

6  separate from a violation of his due process rights.

7        Second, Dang contends that he raised the Sixth Amendment claim in his petition for

8  review to the California Supreme Court, but it was included in his memorandum of points and

9  authorities that Respondent allegedly did not provide to this Court. Dang's petition for review

10 appears complete as Respondent provided in exhibit one to his Motion to Dismiss and does not

11 reference a separate memorandum of points and authorities. Moreover, if it exists, Dang should

12 have provided a copy of the memorandum of points and authorities to meet his burden of proving

13 he exhausted his remedies. *Williams v. Craven*, 460 F.2d 1253, 1254 (9th Cir. 1972) (per

14 curiam).

15       Third, Dang contends that he exhausted the Sixth Amendment claim because it was

16 included in his state appellate court petition. Dang's contention fails because even if he did

17 allege it there, his petition for review must be complete and he may not incorporate his appellate

18 court petition by reference. Cal. Ct. R. 8.504(e)(3).

19       Finally, Dang contends that he intended to raise the Sixth Amendment claim in his

20 petition for review because it was listed in his table of contents and was erroneously omitted

21 from his corresponding argument. In the table of contents, Dang only contends that the Board

22 violated his "5[th], 6th, and 14th Amendment Constitutional Right to Due Process." (Mot. to

23 Dismiss, Ex. 1 at i.) But as noted above, in his federal petition, Dang clearly alleges that the

24 Board's decision violated his "6th Amendment right to trial by jury." (Pet. 18.) Thus, what Dang

25 intended to exhaust in his petition for review is not the same claim he asserts in his federal

26 petition.

27       In summary, Dang alleges a violation of his Sixth Amendment right to trial by jury in his

28 federal petition, and he did not fairly present that claim to the California Supreme Court in his

1  petition for review.  Thus, Dang has not met his burden of proving that he exhausted that federal

2  claim before filing this habeas petition, and this Court must dismiss this mixed petition.  *Pliler v.*

3  *Ford*, 542 U.S. 225, 227 (2004) (citing *Rose v. Lundy*, 455 U.S. 509, 510 (1982)).

4        Dated:  November 28, 2007

5                                Respectfully submitted,

6                                EDMUND G. BROWN JR.
                                 Attorney General of the State of California

7                                DANE R. GILLETTE
                                 Chief Assistant Attorney General

8                                JULIE L. GARLAND
                                 Senior Assistant Attorney General
9

10                               ANYA M. BINSACCA
                                 Supervising Deputy Attorney General

11

12

13                               DENISE A. YATES
                                 Deputy Attorney General

14
                                 Attorneys for Respondent Ben Curry, Acting Warden at
15                               the Correctional Training Facility

16

17

18

19

20

21

22

23

24

25

26

27

28

Resp't's Reply to Opp'n to Mot. to Dismiss                                    *Dang v. Curry*
                                                                              No. C 07-3845 SBA (PR)

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Dang v. Curry**

No.:   **U. S. D. C., N. D., OAKLAND DIV., C07-03845 SBA**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **November 28, 2007**, I served the attached

### RESPONDENT'S REPLY TO OPPOSITION TO MOTION TO DISMISS

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Huy Dang, H-40124**
**Correctional Training Facility**
**P.O. Box 689**
**Soledad, CA 93960-0689**
in pro per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **November 28, 2007**, at San Francisco, California.

| | |
|---|---|
| J. Baker | |
| Declarant | Signature |

40190935.wpd