IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUY DANG,<br><br>        Petitioner,<br><br>v.<br><br>B. CURRY, Warden,<br><br>        Respondent.<br>_____ | No. C 07-03845 SBA (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; DISMISSING PETITIONER'S UNEXHAUSTED SIXTH AMENDMENT CLAIM; AND DIRECTING RESPONDENT TO SHOW CAUSE WHY PETITION SHOULD NOT BE GRANTED AS TO PETITIONER'S DUE PROCESS CLAIM**<br><br>(Docket no. 5) |

## INTRODUCTION

Petitioner Huy Dang, a state prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner claims his due process and Sixth Amendment rights were violated when the Board of Parole Hearings (Board) denied him parole.

Respondent Warden B. Curry filed a motion to dismiss the petition as not fully exhausted. Petitioner filed an opposition, and Respondent filed a reply. Having considered the papers submitted, Respondent's motion to dismiss is GRANTED.

## BACKGROUND

Petitioner has been serving an indeterminate life sentence since June 16, 1992. (Pet. at 2.) On June 1, 2006, the Board found Petitioner unsuitable for parole. (Pet'r Ex. A.) Petitioner filed a habeas petition in the San Bernardino Superior Court, which was denied on February 5, 2007. Petitioner filed a habeas petition in the state appellate court, which was denied on April 4, 2007. On June 20, 2007, the California Supreme Court denied his petition for review.

Petitioner filed the instant petition on July 26, 2007. It contains two claims: (1) Petitioner's due process rights were violated when the Board denied him parole; and (2) the Board's decision violated Petitioner's Sixth Amendment right to trial by jury.

Respondent moves to dismiss the petition on the ground that Petitioner failed to exhaust his

1  state judicial remedies as to one of the claims. Specifically, Respondent claims Petitioner failed to
2  raise his Sixth Amendment claim before the California Supreme Court. Respondent concedes that
3  Petitioner's due process claim is exhausted. Therefore, Respondent contends Petitioner has filed a
4  mixed petition, and it must be dismissed pursuant to Rose v. Lundy, 455 U.S. 509, 522 (1982).

## DISCUSSION

### I. Legal Standard

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b), (c); Rose, 455 U.S. at 515-16; Duckworth v. Serrano, 454 U.S. 1, 3 (1981); McNeeley v. Arave, 842 F.2d 230, 231 (9th Cir. 1988). The state's highest court must be given an opportunity to rule on the claims even if review is discretionary. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (Petitioner must invoke "one complete round of the state's established appellate review process.")

A petition that contains both exhausted and unexhausted claims is referred to as a "mixed" petition. See Rhines v. Weber, 544 U.S. 269, 277 (2005). A federal district court cannot adjudicate the merits of a habeas petition containing any claim as to which state remedies have not been exhausted, such as a mixed petition. See Rose, 455 U.S. at 522. However, instead of dismissing the action, the court must instruct the petitioner to choose between two alternatives: (1) he can dismiss his unexhausted claims and proceed in federal court only with his exhausted claims; or (2) he can request the district court to dismiss the entire petition without prejudice so he can exhaust his unexhausted claims in state court before filing a new exhausted petition in federal court. See Brambles v. Duncan, 412 F.3d 1066, 1069-71 (9th Cir. 2005). In addition, the United States Supreme Court has held that a district court may stay a mixed habeas petition in order to allow the petitioner to exhaust his unexhausted claims in state court. See Rhines, 544 U.S. at 277. However, a

stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. Id. at 277-78. Moreover, where granting a stay, the district court must effectuate the timeliness concerns of 28 U.S.C. § 2244(d) by placing "reasonable time limits on a petitioner's trip to state court and back." Id. at 277. A petitioner need not delete his unexhausted claims before asking the district court to issue a stay. See Jackson v. Roe, 425 F.3d 654, 659-61 (9th Cir. 2005).

**II.     Analysis**

Petitioner contends his Sixth Amendment claim is exhausted because he included that claim in his petition for review before the California Supreme Court. Petitioner refers to his "5th, 6th, and 14th Amendment right to due process" in the table of contents portion of that document. (Resp't Ex. 1.) Unlike in the instant federal petition, Petitioner does not reference his Sixth Amendment claim in the body his petition for review. (Id.) Thus, his argument is without merit.

Alternatively, Petitioner argues his Sixth Amendment claim is exhausted because it was included in his state appellate court petition. (Opp'n at 2.) This argument is also without merit. Petitioner's petition for review to the California Supreme Court must be complete and may not incorporate by reference the claims in his state appellate court petition. See Cal. Rule of Court 8.504(e)(3).

The record shows that Petitioner failed to raise his Sixth Amendment claim before the California Supreme Court; therefore, the Court finds this claim unexhausted. The record also shows that Petitioner exhausted his due process claim before the California Supreme Court. (Resp't Ex. 1 at 3-5.) Because Petitioner has presented a mixed petition, Respondent's motion to dismiss is GRANTED.

Due to a critical one-year statute of limitations on the filing of federal habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), see 28 U.S.C. § 2244(d), the Court is reluctant to dismiss the mixed petition (and possibly cause a later-filed petition to be

3

time-barred) without giving Petitioner the opportunity to elect whether to proceed with just his exhausted claim, or to try to exhaust the unexhausted claims before having this Court consider all his claims. Accordingly, instead of an outright dismissal of the action, the Court will allow Petitioner to choose whether he wants to:

(1) Dismiss the unexhausted claim and go forward in this action with only the exhausted claim; or

(2) Terminate this action and return to state court to exhaust all of his claims before filing a new federal habeas action containing a petition with only exhausted claims; or

(3) Request a stay of the proceedings while he completes the exhaustion of his unexhausted claim in the California Supreme Court. If Petitioner chooses this option, he will be required to show that there was good cause for his failure to exhaust the claim in state court and that it is a potentially meritorious claim.

Petitioner has elected to dismiss his unexhausted Sixth Amendment claim and proceed with his exhausted due process claim. (Opp'n at 2.) Therefore, Petitioner's unexhausted Sixth Amendment claim is dismissed from this action.

In light of the dismissal of Petitioner's unexhausted Sixth Amendment claim, the petition contains only an exhausted due process claim, which Respondent should address on its merits. The Court now sets a new schedule below for the parties to file their briefs pursuant to the September 4, 2007 Order to Show Cause.

**CONCLUSION**

1.   Respondent's motion to dismiss (docket no. 5) is GRANTED.

2.   Petitioner's Sixth Amendment claim is DISMISSED based on his voluntary dismissal of that claim.

3.   Respondent shall file with this Court and serve upon Petitioner, within **sixty (60) days** of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued as

4

to Petitioner's due process claim.  Respondent shall file with the Answer a copy of all portions of the relevant state records that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

4. If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the Answer.  Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision **thirty (30) days** after the date Petitioner is served with Respondent's Answer.

5. It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court and Respondent informed of any change of address and must comply with the Court's orders in a timely fashion.  Petitioner must also serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

6. Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than **ten (10) days** prior to the deadline sought to be extended.

7. This Order terminates Docket no. 5.

IT IS SO ORDERED.

DATED: 9/5/08

SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\HC.07\Dang3845.MTD.frm        5

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

HUY DANG,

        Plaintiff,

  v.

B. CURRY et al,

        Defendant.

Case Number: CV07-03845 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 8, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Huy Dang H-40124
Correctional Training Facility - Soledad
P.O. Box 689
Soledad, CA 93960-0689

Dated: September 8, 2008

                Richard W. Wieking, Clerk
                By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\HC.07\Dang3845.MTD.frm    6